IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES C. ZANDER, DEBORAH R. ZANDER,<br><br>Defendants. | CV-12-59-SEH-RKS<br><br>FINDINGS AND RECOMMENDATION TO REMAND |

Defendants James and Deborah Zander (Zanders) filed a Notice of Removal on August 20, 2012. C.D. 1. Plaintiff Federal Home Loan Mortgage Corporation (FHLMC) filed its Complaint against the Zanders in Cascade County Justice Court

on May 17, 2012, alleging unlawful detainer pursuant to Montana Code Annotated § 25-31-101.  C.D. 2, p. 3.  Zanders appear to allege both diversity and federal question jurisdiction in their Notice of Removal.  This matter should be remanded because no federal jurisdiction exists and Zanders failed to remove within 30 days as required.

**Removal**

The "strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court."  28 U.S.C.A. § 1441; *Hunter v. Philip Morris USA*, 582 F.3d 1039 (9th Cir. 2009).  Federal district courts generally look only to the plaintiff's pleadings to determine removability.  *Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d 769, 733 (9th Cir. 1986).  It is "settled law that a case may not be removed to federal court on the basis of a federal defense."  *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14 (1983).  Federal courts must examine subject matter jurisdiction whether or not the parties raise the issue.  *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004).  A removed action may be remanded for lack of subject matter jurisdiction at any time before final judgment.  28 U.S.C. § 1447(c) ("If at any time before final judgment it appears

that the district court lacks subject matter jurisdiction, the case shall be remanded"). An action will be remanded sua sponte if the court lacks subject matter jurisdiction. *Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003).

This case should be remanded sua sponte because no federal question or diversity jurisdiction exists.

**Federal Question Jurisdiction**

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. No federal question jurisdiction exists unless the defendant demonstrates the plaintiff has alleged a federal cause of action or a state action turning on a substantial dispositive issue of federal law. *Franchise Tax Bd. V. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983). Federal courts have no jurisdiction over unlawful detainer actions which are strictly within the province of the state court. *Mercy Services Corp. v. Watson*, 2012 WL 3260523, 2 (E.D.Cal., 2012); *Wescom Credit Union v. Dudley*, 2010 WL 4916578, *2 (C.D.Cal., 2010); *IndyMac Federal Bank, F.S.B. v. Ocampo*, 2010 WL 234828, *2 (C.D.Cal. 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim).

FHLMC's complaint alleges unlawful detainer under Montana Code Annotated § 25-31-101, and that complaint is the basis for the determination of removability.  Any defense the Zanders may have raising a federal question is not considered when determining whether removal is proper.  No federal question jurisdiction exists here because the complaint only involves an unlawful detainer action.

**Diversity Jurisdiction**

In order to establish removal jurisdiction based on diversity of citizenship, there must be complete diversity between the plaintiffs and defendants and the amount in controversy must be over $75,000.  28 U.S.C. § 1441(a); 28 U.S.C. § 1332(a).  Complete diversity exists when none of the plaintiffs are citizens of the same state as any of the defendants.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  "[W]hen a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that [the] jurisdictional amount is met.'" *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir.2007) (quoting *Lowdermilk v. U.S. Bank National Association*, 479 F.3d 994, 1000 (9th Cir.2007)).  "[T]he appropriate damages in unlawful detainer action remains the amount sought in the complaint, not the value of the property itself." *Federal Nat.*

*Mortg. Ass'n v. Lemon*, 2011 WL 3204344, *2 (C.D.Cal. 2011).

The complaint in this action seeks possession of the premises, rent of $1,202.13 per month since December 23, 2011 until possession is delivered, and costs and interest.  C.D. 2, p. 3-4.  As damages determined for removability do not include the value of the property, the current amount of damages pled is just under $11,000 plus costs and interest.  The $75,000 jurisdictional minimum is not met.  Diversity jurisdiction is not present in this case.

**Timeliness of Removal**

The removal statute provides two thirty-day windows during which a case may be removed to federal court.  28 U.S.C. §§ 1446(a)-(b).  The first is the thirty days after the defendant receives the initial pleading.  If the initial pleading is not removable, but the defendant later receives an amended pleading or other paper making the case removable, the defendant has thirty days to remove from the date the case became removable.  28 U.S.C. § 1446(a)-(b).  The determination of removability is made through examination of the applicable pleadings–there is no duty on the removing party to make further inquiry.  *Harris v. Bankers Life and Casualty Co.*, 425 F.3d 689, 694 (2005).

The Complaint in this matter was filed May 17, 2012.  C.D. 2.  The Zanders

allege they were served on July 7, 2012. C.D. 1, p. 2. The Zanders filed their Notice of Removal August 20, 2012, more than 30 days after they were served the Complaint. Removal was not timely. This matter should be remanded.

For the foregoing reasons, **IT IS HEREBY RECOMMENDED**

1. Defendants James and Deborah Zander's Notice of Removal lacks federal jurisdiction and was not filed timely.

2. This matter should be remanded to Cascade County Justice Court, State of Montana.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Findings and Recommendations within fourteen (14) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 28 day of August, 2012.

Keith Strong
United States Magistrate Judge